IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| JASON JACOB : | Case No. 16-10589 TPA |
| : | Chapter 13 |
| *Debtor* : | |
| : | |
| JASON JACOB : | ADV PRO NO _____ |
| *Plaintiff* : | DOC. NO. _____ |
| : | |
| v. : | |
| : | |
| NATIONAL COLLEGIATE STUDENT LOAN : | |
| TRUST : | |
| *Defendant* : | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS DISCHARGEABLE FOR "UNDUE HARDSHI" UNDER 11 U.S.C. s 523(a)(8)

AND NOW, to-wit, comes counsel for the Plaintiff, Tina M. Fryling, Esquire, and files the within Complaint to Determine Dischargability of Student Loan , stating in support thereof as follows:

### NATURE OF ACTION

1.  This is an adversary proceeding by which the Debtor seeks a declaration that Federal "educational loan" debt constitutes an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### JURISDICTION AND VENUE

2.  On June 19, 2019, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Western District of Pennsylvania for relief under Chapter 13 of the Bankruptcy Code.

3.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. SS 1334 and 157(a).

4.  This is a core proceeding pursuant to 28 U.S.C. S 157(b)(2).

5.  Venue is proper in this district pursuant to 18 U.S.C. S 1409.

6.  The Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court pursuant to Fed.R.Bankr.P. 7008.

## PARTIES

7. Plaintiff, Jason Jacob, is the Debtor in the above referenced case. He has been the recipient of Federal student loans.

8. Defendant, National Collegiate Student Loan Trust, is a corporation that services and collects student loans, and has an address of PO Box 4275, Norcross, GA  30091

## FACTUAL ALLEGATIONS

9. Jason Jacob (hereinafter "Debtor")  is a resident of Erie, Pennsylvania.

10. National Collegiate Student Loan Trust is a corporation organized in the United States.

11. Debtor attended Dowling College (previously in Oakdale, New York – now having an address in Massapequa Park, New York) from 2004 – 2007. He obtained what was a four year degree in three years by taking extra courses. He received a Bachelor of Science Degree in Aviation Management. Dowling College closed in 2016 amid accreditation issues and declared Chapter 11 bankruptcy in 2018.

12. The Debtor has been employed by the Federal Aviation Administration since 2008 in a position that does not require a college degree.

13. Debtor has incurred student loans from this servicer which had a balance of approximately $116,141.27 at the time of his bankruptcy filing, based on the proofs of claim filed by the Defendant.

14. Plaintiff has made payments on these student loans, to the best of his ability after an initial deferment of 6 months, since the time of their inception, including filing a prior Chapter 13 and making payments through that Chapter 13 plan and the current Chapter 13 plan.

15. Based on the foregoing, and the fact that the Debtor also owes other student loans to another servicing company, against which an adversary proceeding has also been filed, and there will be no way for the Plaintiff to afford these loans when he has completed his bankruptcy proceeding or at any time int eh future.

16. The Debtor avers that some of these loans were not used for educational purposes but rather for living costs and other expenses.

## CLAIMS FOR RELIEF

17. The Debtor repeats and realleges the allegations contained in paragaphs 1 through 16 of this Complaint as if fully set forth hereto.

18. The repayment of these loans would be an undue hardship to Debtor.

19. As a result, the Federal Loans to Debtor should be dischargeable pursuant to Bankruptcy Code Section 523(a)(8).

20. The Bankruptcy Code permits discharge of student loan debt when repayment would cause undue hardship.  The U.S. Bankruptcy Code (11 U.S.S. S 523(a)(8)) provides that student loans can be discharged in bankruptcy only if excepting the debt from discharge would impose an undue hardship" on the borrower.

21. Federal Courts have established the legal standard for a student loan debtor to prove "undue hardship" as authorized by Congress.

22. This Court has adopted the **Brunner** Test in order to determine whether student loans are dischargeable.  (*Brunner v. New York State Higher Educational Services Corporation*, 831 F.2d 395 (1977)).

23. The Debtor avers that he cannot maintain a minimal standard of living while repaying these loans.

24. The Debtor avers that he cannot obtain employment at a higher rate than what he is currently earning.

25. The Debtor avers that throughout the life of the loan, he has exhausted all possible program and remedies offered to him to reduce payments on the loan or receive a reasonable monthly payment on the loan.

26. The Debtor avers that his situation will remain the same and that his present inability to pay will persist through the entire repayment period of the loan.  Debtor has a lack of usable or marketable job skills and his degree actually renders him underemployed.

27. The Debtor does not own real property or have other assets which could be used to pay the

loan.

28. The Debtor has increasing expenses that outweigh any possible increase in his income in the near future.

29. The Debtor has made a good faith attempt to repay his debts by obtaining regular employment, paying payments through his Chapter 13 plans, and seeking deferments and forbearances. Despite being in a Chapter 13 bankruptcy for almost ten years and paying all of his expendable income under the Bankruptcy Plan, the Debtor has made little headway in paying down his debt.

30. The Debtor is 40 years old, and the payments he is able to make will never pay off these loans throughout his lifetime.

31. Under S 523(a)(8) and the applicable case law, the Debtor has shown he cannot repay the full balance due on his student loan debt without an undue hardship. The entire amount owed to Navient by the Debtor should thus be discharged.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order declaring the student loan debt of the Debtor be dischargeable in this bankruptcy case.

Respectfully submitted,

/s/ Tina M. Fryling, Esquire
Tina M. Fryling, Esquire
4402 Peach Street, Suite 3
Erie, Pennsylvania   16509
(814) 450-5161
Attorney for the Debtor
PA Attorney I.D. No. 76520